IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **CONNIE EDWARDS,** | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:22-CV-87 |
| | § | |
| **ALTICE USA, INC.,** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Connie Edwards ("Plaintiff" or "Mrs. Edwards") complaining of Altice USA, Inc. ("Defendant" or "Altice") and for cause of action would respectfully show unto this Honorable Court as follows:

1. This is an action brought pursuant to Title VII of the Act of Congress known as the *Civil Rights Act of 1964*, as amended, 42 U.S.C. § 2000e *et seq.*, and particularly as amended by the *Civil Rights Act of 1991* (hereinafter "Title VII"), and 42 U.S.C. § 1981 to correct unlawful discrimination practices in the workplace on the basis of race which have been engaged in by Defendant to the detriment of Plaintiff.

2. This action is also brought pursuant to The Age Discrimination in Employment Act of 1967 (hereinafter "the ADEA"), 29 U.S.C. § 621 *et seq.*, to correct unlawful discrimination practices in the workplace on the basis of age which have been engaged in by Defendant to the detriment of Plaintiff.

3. This is an action for lost income and benefits, past, present, and future, as well as other actual damages incurred by Plaintiff as a result of the discriminatory and retaliatory treatment she received at the hands of Defendant, together with an action for punitive damages based on the conduct of Defendant.

## A.  PARTIES

4. Plaintiff in this action is Connie Edwards, who is a citizen of the State of Texas, and a resident of Nacogdoches, Texas. Plaintiff is a 53-year-old, African American female.

5. Defendant, Altice USA, Inc., is a foreign entity incorporated under the laws of the State of Delaware with its principal office located at 1111 Stewart Ave., Bethpage, New York 11714.

6. According to the Texas Secretary of State's online filing system, Altice USA, Inc. is forfeited entity; however, Altice USA, Inc.'s registered agent for service of process in Texas appears to be Corporation Service Company dba CSC – Lawyers Incorporating Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.[1]

7. According to the New York Department of State, Altice USA, Inc.'s registered agent for service of process is Corporation Service Company, 80 State Steet, Albany, New York 12207-2543.

8. Defendant may be served by servicing process on either of its Registered Agents. Alternatively, Defendant may be served by serving the Texas Secretary of State as Defendant is a corporation or business entity conducting business in the State of Texas without a valid agent for service of process. *See* TEX. CIV. PRAC. & REM. CODE 17.044(a).

## B.   JURISDICTION

9. The Court has jurisdiction over this action because it arises under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq*. *See* 42 U.S.C. § 2000e5-(f)(3) (stating that United States District Courts shall have jurisdiction over actions brought under Title VII).

---

[1] The entity listed on the Texas Secretary of State's website is "Altice Technical Services US Corp." That entity, however, has the same address as Altice USA, Inc. The two appear to be the same entity.

## C.    VENUE

10. Venue is proper in the Eastern District of Texas, Lufkin Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

11. Venue is also proper in the Eastern District of Texas, Lufkin Division under 42 U.S.C. § 2000e5-(f)(3) because Defendant's unlawful employment practices were committed in this state.

## D.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has complied with all pre-requisites for bringing an action under Title VII. Specifically, Plaintiff timely filed charges of discrimination against Altice with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Division ("TWCCRD"). *See* Exhibit A. Plaintiff files this complaint within 90 days of receiving notices of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit B. *See* 42 U.S.C. § 2000e5-(f)(1). All other conditions precedent have been satisfied.

## E.    RACIAL DISCRIMINATION UNDER TITLE VII

13. Plaintiff is an employee within the meaning of Title VII. *See* 42 U.S.C. § 2000e-(f). Plaintiff also belongs to a class protected under this statute; namely, Plaintiff is African American.

14. Defendant Altice is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e-(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504-05 (2006).

15. Altice is a communications and media company. Among other things Altice sells cable and internet services.

16. Plaintiff began working for Suddenlink, in 1988, as a part-time employee. In November 1991, Plaintiff became a full-time employee.

17. In 2015, Altice acquired Suddenlink.

18. By 2021, Plaintiff was a supervisor in Altice's Nacogdoches, Texas location.

19. In November 2021, Plaintiff had been with Altice and its predecessors, including Suddenlink, for 30 years as a full-time employee.

20. In December 2021, there were five employees working at Altice's Nacogdoches location.

21. The employees were as follows:

    a. Jerry Oney, Manager, White, under 40 years old;

    b. Connie Edwards, Supervisor, African American, 53 years old;

    c. Lorely Lopez, Agent, Hispanic, 39 years old;

    d. Marco Morales, Agent, Hispanic, believed to be under 40 years old; and

    e. Krisha Purdy, Agent, White, believed to be under 40 years old.

22. Sometime in October or November 2021, Altice management supposedly began to investigating "fraud" concerning a cellphone promotional program.

23. To Plaintiff's limited understanding, Altice purported to be concerned because customers would sign up for new cell phones, pay minimal amounts down, and then drop Altice's cell service thereafter without fully paying for the phones.

24. On or about the first week of December 2021, Patti Price, the District Manager, interviewed Lopez, Morales, and Edwards about issues with the cell phone program.

25. Price is white.

26. On December 9, 2021, Price fired Lopez and Morales.

27. At that time, Price told Oney and Mrs. Edwards that they would likely be reprimanded.

28. The next day, on December 10, 2021, Oney told Mrs. Edwards there were "no issues" and that they wouldn't be reprimanded.

29. On or about December 14, 2021, Oney met with Altice's Human Resources Department.

30. On December 17, 2021, Oney called Mrs. Edwards and asked her to come into the office to meet with Price.

31. Mrs. Edwards was supposed to be off work on December 17th, but she came into the office as requested.

32. Upon arriving at the office, Mrs. Edwards met with Price.

33. Price told Mrs. Edwards she was being terminated effective immediately.

34. When Mrs. Edwards asked why she was being terminated, Price said something to the effect of "you knew about the fraud."

35. Mrs. Edwards knows nothing about any "fraud."

36. Interestingly, Oney, the location manager, was not fired or disciplined.

37. Likewise, Purdy, a white employee, was not fired.

38. Indeed, the only employees that were fired were the three minority employees, including Mrs. Edwards, who was 53 years old, and Lopez, who was 39 years old.

39. Plaintiff pleads that her termination—along with the termination of the two Hispanic employees—is a disparate impact on the minority employees. Two white employees, including the location manager, were not terminated—only the minorities were terminated.

40. Altice discriminated against Plaintiff because of her race, in violation of Title VII, by discharging Plaintiff from her employment as a supervisor.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

42. As a result of the foregoing unlawful discriminatory practices of Altice, Plaintiff was discriminated against based on her race. Due to the actions of Altice, Plaintiff has suffered and will continue to suffer damages and is, therefore, entitled to recover damages for mental anguish, actual and compensatory damages, lost wages, past and future damages, and punitive damages due to the nature of the actions of Defendant.

43. To the extent that Defendant contends that Plaintiff was terminated for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

44. Alternatively, if the reason(s) given for Plaintiff's termination were true, which they are not, those are only some of the reasons, and Plaintiff's race was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

45. Plaintiff asserts that any alleged legitimate non-discriminatory motive for terminating Plaintiff is, in reality, racial stereotyping masking race discrimination.

46. Based on Altice's discriminatory conduct and disregard for anti-discrimination laws, Plaintiff seeks punitive and/or exemplary damages.

    **F.  RACIAL DISCRIMINATION UNDER 42 U.S.C. §1981**

47. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs and asserts these allegations with facts necessary as to the claims for racial discrimination under 42 U.S.C. §1981.

48. Plaintiff is a member of a protected class; namely, she is African American.

49. At all times relevant, Plaintiff was in a contractual relationship with Altice within the meaning of 42 U.S.C. §1981. An employee subject to at-will termination under Texas law

nevertheless has a "contract" with his employer, as required to maintain a § 1981 racial discrimination action against employer. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

50. Altice discriminated against Plaintiff by removing her as supervisor because she was African American and terminating her employment.

51. As a result of the foregoing unlawful discriminatory practices of Altice, Plaintiff was discriminated against based on her race.  Due to the actions of Altice, Plaintiff has suffered and will continue to suffer damages and is therefore entitled to recover damages for mental anguish, actual and compensatory damages, lost wages, past and future damages, and punitive damages due to the nature of the actions of Altice.

### G. AGE DISCRIMINATION UNDER 29 U.S.C. § 621 *et seq.*

52. Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs, and asserts these allegations with facts necessary as to the claims for age discrimination under 29 U.S.C. §621 *et seq*.

53. Plaintiff is an employee within the meaning of the ADEA.  *See* 29 U.S.C. § 630(f).

54. Plaintiff also belongs to a class protected under this statute; namely, Plaintiff is 53 years old and was 40 years old or older at all times relevant.

55. Defendant Altice is an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.  *See* 29 U.S.C. § 630(b).

56. Plaintiff pleads that her termination—along with the termination of another older employee (Lopez)—is a disparate impact on older employees.  Two younger, white employees, including the location manager, were not terminated—only the older minorities were terminated.

57. Altice discriminated against Plaintiff because of her age, in violation of the ADEA, by discharging Plaintiff from her employment as a supervisor.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

59. As a result of the foregoing unlawful discriminatory practices of Altice, Plaintiff was discriminated against based on her age.  Due to the actions of Altice, Plaintiff has suffered and will continue to suffer damages and is, therefore, entitled to recover damages for mental anguish, actual and compensatory damages, lost wages, past and future damages, and punitive damages due to the nature of the actions of Defendant.

60. To the extent that Defendant contends that Plaintiff was terminated for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.

61. Alternatively, if the reason(s) given for Plaintiff's termination were true, which they are not, those are only some of the reasons, and Plaintiff's age was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

62. Based on Altice's discriminatory conduct and disregard for anti-discrimination laws, Plaintiff seeks punitive and/or exemplary damages.

### H.     ATTORNEY'S FEES

63. Plaintiff is entitled to an award of attorney's fees for her Title VII, § 1981, and ADEA claims under Title VII, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 1988.

### I.     JURY DEMAND

64. Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee for same.

## J.  DAMAGES

65. As a direct and proximate result of Altice's discriminatory conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged from her employment resulting in lost pay and benefits. Plaintiff seeks to recover all actual damages, including but not limited to back pay, front pay, and compensation for past, present, and future lost benefits, including loss of Social Security benefits.

   b. Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her.

   c. Plaintiff seeks compensatory damages available for mental anguish and distress suffered as a result of her unlawful termination and seeks recovery of mental anguish damages.

   d. As set forth above, Plaintiff is entitled to her costs of suit and reasonable and necessary attorney's fees.

   e. Based on Altice's discriminatory conduct and blatant and deliberate disregard for anti-discrimination laws, Plaintiff seeks punitive and/or exemplary damages. Plaintiff also seeks prejudgment interest on all lost wages and benefits and post judgment interest on all sums, including attorney's fees.

## K.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant Altice USA, Inc. be cited to appear and answer herein, and that upon final trial hereof, the Court:

a. Award Plaintiff actual damages due to her under the law, including but not limited to back pay, front pay, and compensation for past, present and future lost benefits;

b. Compensatory damages;

c. Damages for mental anguish;

d. Punitive damages;

e. Reasonable attorney's fees;

f. Costs of suit; and

g. All other relief the Court deems appropriate.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

/s/ *Tanner Franklin*
Tanner G.M. Franklin
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 – Telephone
(888) 430-2559 – Fax

**FISCHER & FISCHER,
ATTORNEYS AT LAW**

/s/ *Amelia Ruiz Fischer*
Amelia Ruiz Fischer
Texas Bar No. 24080087
arf@fischerfischerlaw.com
114 South Pecan Street
Nacogdoches, Texas 75961
(936) 564-2222 – Telephone
(936) 564-1346 – Fax

**ATTORNEYS FOR PLAINTIFF**